```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM R. HENDRICKSON and
PATRICIA HENDRICKSON,
                         Plaintiffs,          82-CV-621T

             v.                                DECISION
                                               and ORDER
UNITED STATES OF AMERICA,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiffs William R. Hendrickson and Patricia Hendrickson brought this case in 1982 against the defendant United States of America ("United States" or "Government") claiming that William Hendrickson ("Hendrickson") suffered severe and permanent injuries after being struck by a motor vehicle operated by the defendant. The parties agreed to settle the case, and agreed to a structured settlement pursuant to which the defendant paid an initial lump sum to the plaintiffs, and additionally purchased an annuity that would provide for monthly payments to be made to Hendrickson for a period of forty years, with an additional 14 annual payments to be paid at specified intervals over the course of 26 years. A written Settlement Agreement ("Settlement Agreement" or "Agreement") was prepared by the parties and submitted to the Court for approval. On April 29, 1985, I approved the Settlement Agreement and made the Agreement an Order of the Court. The Agreement, inter alia, required the defendant to purchase an annuity through the Executive Life Insurance Company of New York ("ELNY"), and provided that the

defendant "shall be the sole owner of the Annuity Contract." See Settlement Agreement at p. 5.

In 2012, the plaintiffs learned that ELNY had become insolvent, and that it would be liquidated by the New York Liquidation Bureau pursuant to New York State law. As a result of the liquidation of ELNY, the plaintiffs' remaining benefits under the annuity were reduced by approximately fifty percent.

Plaintiffs now move to enforce the settlement, contending that the defendant is obligated to pay the total amounts due them as originally provided in the Settlement Agreement and Ordered by this Court. The United States opposes plaintiffs' motion on grounds that this Court lacks jurisdiction to enforce the Settlement Agreement because the Court did not expressly retain jurisdiction over the settlement, and the terms of the Settlement Agreement were not incorporated into the Order of Dismissal issued by this Court. The Government further contends that because the Settlement Agreement constitutes a contract with the Government, and because the amount sought by the plaintiffs from the Government exceeds $10,000, any action to enforce the Agreement must be brought before the United States Court of Claims, which has exclusive jurisdiction over contract actions against the Government in amounts exceeding $10,000.

For the reasons set forth below, I find that this Court retained jurisdiction over the effectuation of the Settlement when

it approved the terms of the written Settlement Agreement between the parties and made those terms an Order of the Court.  I further find that the Court retains ancillary jurisdiction over the enforcement of the Settlement Agreement as part of the Court's inherent authorization to vindicate its authority and effectuate its Orders.  Finally, I find that the Government is obligated to ensure that the payments set forth in the Settlement Agreement are to be made as promised to the plaintiffs, and therefore, to the extent that payments from the ELNY annuity have been diminished, the Government is obligated to pay any remaining portions not received by the plaintiffs.  Accordingly, I grant plaintiffs' motion to enforce the settlement and Order the Government to pay to the plaintiffs the difference between the benefits plaintiffs are now receiving and the benefits agreed to and promised in the Settlement Agreement.

BACKGROUND

In 1985, this tort action went to trial before this Court, and following two-and-a-half days of trial testimony, but before the trial was concluded, the parties agreed to settle the case.  In open court, the parties spread the terms of the settlement on the record, and thereafter, submitted a written Settlement Agreement to the Court for Court approval dated April 29, 1985.  The parties agreed that part of the consideration to be paid by the Government would be paid in cash in an initial lump sum, and the balance would

be paid in a "structured" settlement, whereby the United States would be obligated to pay Hendrickson $2,500.00 per month for 40 years (which amount would be increased by 4% annually); an additional $625,000.00 in 10 lump sum payments over the course of 24 years; and $40,000.00 in four equal lump sum payments to be applied towards anticipated educational expenses. With respect to the initial lump sum payment, the Government agreed to pay $151,782.66 to the plaintiffs at the time of the settlement. For the purpose of making the future monthly and annual payments to the plaintiffs, the Government purchased an annuity from ELNY in an amount not exceeding $522,217.34. The Settlement Agreement specifically provided that the Government would be the sole owner of the annuity contract.

For almost three decades thereafter, the promised payments were made to the plaintiffs as provided. In 2013, however, ELNY was liquidated, and the plaintiffs thereafter received only 50% of the amount of the remaining payments owed to them under the Settlement Agreement. Plaintiffs attempted to recoup the remaining amounts from the defendant, but the Government took the position that it had satisfied its financial obligations by making the lump sum payment upon the settlement of the action, and by purchasing the annuity as agreed to by the parties. The defendant refused to contribute amounts to make plaintiffs whole under the Settlement Agreement, and plaintiffs then brought the instant action seeking

enforcement of the Settlement Agreement, and directing the defendant to pay to plaintiffs any remaining amounts owed but not paid to them by ELNY.

## DISCUSSION

I. The Court has Retained Jurisdiction to Enforce the <u>Settlement Agreement</u>.

A. Because the Terms of the Settlement Agreement were incorporated into an Order approved and signed by the Court, the Court retains Jurisdiction to resolve a motion <u>to enforce the settlement</u>

Plaintiffs seek to enforce the Settlement Agreement between the parties, and move the Court to Order defendant to make plaintiffs whole for the amounts that have not been paid to them due to the insolvency of ELNY. The United States asserts that this court lacks jurisdiction to grant the relief requested because the Court did not expressly retain jurisdiction to enforce the settlement, and did not include the terms of the settlement in its Order dismissing the case.

It is a peculiarity of federal jurisdiction that a federal court lacks jurisdiction to enforce a settlement entered before it absent explicit language in the settlement agreement, or from the court itself, indicating that the court retains jurisdiction to effectuate the settlement, or inclusion of the settlement terms in the Order dismissing the action. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 380-81 (1994); <u>Dahlen Kok Han Wee v. David</u>, 2013 WL 5656084, (S.D.N.Y. Oct. 10, 2013)("It is settled

that the Court posses no inherent power to enforce a settlement, in the absence of an express retention of jurisdiction or the entry of the settlement terms as an order of the Court."); Stone v. Credit Solutions Corp., 09-CV-281A F, 2011 WL 2747572 (W.D.N.Y. June 21, 2011) report and recommendation adopted, 09-CV-281, 2011 WL 2731175 (W.D.N.Y. July 13, 2011)("It is 'well-settled' that a district court may "exercise ancillary jurisdiction to enforce a settlement agreement *only* if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated [the settlement terms] into the order.")

In the instant case, the United States claims that this Court does not retain jurisdiction to enforce the Settlement Agreement because it did not explicitly retain such authority, and did not include the terms of the settlement in its Order dismissing the case. I find, however, that I did retain jurisdiction over this matter when I approved the Settlement Agreement and made the terms of the Agreement an Order of this Court by "So Ordering" the Agreement on April 29, 1985.

Unlike a case in which the Court has merely been advised by the parties that a matter has settled, but has not been advised of the terms or conditions of the settlement, the parties in this case presented to the Court a detailed, eight-page written Settlement Agreement which explicitly set forth the relative rights and obligations of the parties with respect to their Agreement, and

explicitly required the approval of the court to become effective. Specifically, at ¶ 3 of the Agreement, the parties agreed that "[t]he execution of this agreement <u>and approval by the court</u> to provide . . . future periodic payments shall constitute a complete release and bar to any and all causes of actions . . . . known or unknown . . . . arising from the events . . . giving rise to this lawsuit. Accordingly, Court approval of the Settlement Agreement, and its terms, was a condition of the settlement executed by the parties.

While it is true that "[t]he judge's mere awareness and approval of the terms of the settlement agreement" will not establish that the Court retained jurisdiction over the enforcement of those terms, <u>Kokkonen</u> 511 U.S. at 381, in cases where a Judge has made the actual settlement agreement an Order of the Court, even in the absence of express language retaining jurisdiction over the settlement, the court has placed its "judicial imprimatur" on the agreement, and therefore may act to enforce the agreement. <u>See Perez v. Westchester County</u>, 587 F.3d 143, 152-153 (2nd Cir. 2009)(holding that where the District Court Judge "judicially sanctioned" the settlement, the court retained jurisdiction over enforcement of the settlement). Accordingly, this case is distinguishable from the case in <u>Kokkonen</u>, where the judge who approved the settlement of that action merely dismissed the action upon the representation of the parties that the case had been

settled, and did not see or review the settlement agreement between the parties, or make the settlement agreement an Order of the Court. Kokkonen at p. 375 (noting that stipulation settling the case did not include the terms of the settlement, or even refer to the settlement agreement between the parties).

In this case, however, not only was the Settlement Agreement submitted to the Court and made an Order of the Court, but the parties agreed that the case would not be settled <u>unless the Court approved the agreement</u>. Moreover, this Court presided over two-and-a-half days of trial, and once the parties indicated their intent to settle, the Court directed the parties to spread the terms of the settlement on the record in open court. Once the terms of the settlement were set forth, the court elicited the acknowledgment of the terms and agreement thereto by the individual plaintiffs, their attorney, and the attorney for the Government, who acknowledged his authority to bind the government to those terms. See March 29, 1985 Transcript of Proceedings at p. 8. These facts establish that the Court was far more than a passive spectator with respect to the settlement of this action. Rather, it is clear that the Court placed its judicial imprimatur on the settlement, and thus retains jurisdiction to enforce the settlement.

Indeed, the facts of this case are more in line with Perez than with Kokkonen. In Perez, the Second Circuit Court of Appeals

noted that where settling parties make court approval of the settlement a condition of settlement; the court makes the settlement agreement an Order of the court; and the settlement is not operative absent court approval, the court has sufficiently demonstrated that it retains sufficient interest in the settlement to retain jurisdiction to enforce the settlement. Perez, 587 F.3d at 152 (where "settlement was only made operative by the Court's review and approval . . . [i]n a quite literal sense, it was the District Court's imprimatur that made the settlement valid.").  I therefore find that this Court retains jurisdiction to enforce the Order I issued on April 29, 1985: that Order being the signed, court-approved Settlement Agreement agreed to by the parties, and made part of the record.  To hold that this Order of the Court is unenforceable simply because it was not incorporated into a subsequent Order of Dismissal which was administratively prepared by the Clerk of the Court at my direction, would elevate form over substance, and would prevent the court from carrying out its duty, as stated by the Supreme Court in Kokkomen, of "function[ing] successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkomen, 511 U.S. at 379-80. See also, Cameron International Trading Co. v. Hawk Importers, Inc., 501 Fed.Appx 36, 37-38 (2nd Cir. 2012)(court retained jurisdiction over settlement where the court "So Ordered" the parties' settlement agreement but order of dismissal did not recite

settlement terms).[1]  Accordingly, I find that this Court has retained jurisdiction to enforce the Order approving the settlement of this case.

The Government argues that <u>Perez</u> is inapposite in this case because the issue before the Court in <u>Perez</u> was whether or not the plaintiffs were "prevailing parties."  Defendant argues that the discussion of the enforceablity of the settlement agreement in that case was dicta, and that in any event, the Order of Dismissal in <u>Perez</u>, unlike the case here, included terms of the settlement in the dismissal Order.  I find, however, that <u>Perez</u> does control, and mandates that the Court retain jurisdiction over this settlement. Like the case at bar, the court in <u>Perez</u> "So Ordered" a settlement agreement prepared by the parties, and then directed the Clerk of the Court to close the case.  While the Court in <u>Perez</u> directed the Clerk to Close the case in writing as part of the Settlement Agreement, in the instant case, the Settlement Agreement provided

---

[1] <u>Cameron</u> differs from the case at bar in that the settlement agreement adopted by that court included language providing for continued federal jurisdiction over the dispute. Nevertheless, <u>Cameron</u> is instructive here because the Second Circuit held that the District Court retained jurisdiction over the settlement not because of the retention language contained in the agreement, but because the court retained the authority to effectuate its Order.  <u>Cameron</u>, 501 Fed.Appx. at 38. ("In this case, ancillary jurisdiction over Cameron's motion to enforce is appropriate because it is necessary for the district court to effectuate its order, that is, the Agreement that [the District] Judge . . . so-ordered").

that the plaintiffs, upon satisfaction of the conditions of settlement would file with the Clerk of the Court "a dismissal of claims." Settlement Agreement at ¶ 8.  And although the Judge in Perez amended the settlement agreement to provide that the court could, at its discretion, accept any new case related to the case before it, and provided that any new case brought to enforce the terms of the settlement could be referred to him, such language, as here, did not state an explicit intention to retain jurisdiction over settlement disputes emanating from the case before the court. Accordingly, just as the Second Circuit held that the Perez court retained jurisdiction to enforce a settlement agreement that did not retain an explicit retention of jurisdiction over the settlement, but was made an Order of the Court, I find that this court retains authority to enforce the Order of Settlement issued on April 29, 1985.

      B.    The Court has retained Ancillary Jurisdiction over the Effectuation of the Settlement Order.

Following the submission of the instant motion, the defendant submitted supplemental authority to the court suggesting that regardless of whether or not this court retained jurisdiction to enforce the settlement, because the Settlement Agreement is a "contract" with the Government, and because plaintiffs seek in excess of $10,000, the United States Court of Claims has exclusive jurisdiction over the matter, and therefore this Court cannot assert jurisdiction over an attempt to enforce the settlement

between the parties. Specifically, the Government argues that it has not waived its sovereign immunity to be sued for breach of contract claims exceeding $10,000 in District Court, and has only waived such immunity for such cases when they are brought in the United States Court of Claims. Accordingly, the defendant argues that this court lacks jurisdiction to entertain plaintiffs' request to enforce the settlement. In support of this argument, defendant cites the recently decided case of Franklin-Mason v. Mabus, 12-5057, 2014 WL 903135 (D.C. Cir. Feb. 14, 2014) in which the Circuit Court for the District of Columbia held that "a settlement agreement embodied in a consent decree is a contract" under federal law over which the Court of Federal Claims has exclusive jurisdiction., 2014 WL 903135 at *1.

While the Franklin-Mason case cited by the defendant was decided after the briefs in this case were submitted to the court, the argument that the Court of Federal Claims has jurisdiction over the enforcement of settlement agreements in excess of $10,000 involving the Government is not a new one, and could have been made in the Government's initial opposition to plaintiffs' motion. For example, in 2012, the United States Court of Appeals for the Federal Circuit held that "a settlement agreement, even one embodied in a decree, 'is a contract within the meaning [of federal law]'" and as a result, the Court of Federal Claims has jurisdiction over an action to enforce the agreement where the

amount in controversy is greater than $10,000. VanDesande v. United States, 673 F.3d 1342, 1351 (Fed. Cir. 2012) (citing Angle v. United States, 709 F.2d 570, 573 (9th Cir. 1983)). However, despite the fact that the Government has improperly raised this issue after the briefing of the plaintiffs' motion to enforce was closed, I nevertheless have considered the Government's position, and reject that position for the reasons set forth below.

This Court acknowledges that a federal court has no jurisdiction other than that granted to it by Congress and the United States Constitution. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting Kokkonen, 511 U.S. at 377)). Moreover, "neither a court nor the parties has the power to alter a federal court's statutory grant of subject-matter jurisdiction." Franklin-Mason, 2014 WL 903135 at *4. Accordingly, even where parties consent to jurisdiction by a court, such as in a settlement agreement, and the court expresses its intent to exert jurisdiction over a matter, such consent or a declaration cannot confer jurisdiction where none exists. Franklin-Mason, 2014 WL 903135 at *4 (citing Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The Government contends that in this case, the Court lacks jurisdiction to enforce the Order I issued on April 29, 1985

approving the settlement, because the Settlement Agreement, although an Order of the Court, is also a contract (with an amount in controversy greater than $10,000.00), and the Government has not consented to be sued for the breach of that contract in any forum other than the Court of Federal Claims.  The Government contends that because it is immune from an action for breach of a contract in excess of $10,000.00 in this court, and because there is no independent basis for jurisdiction over the claim for breach of the settlement agreement, this court lacks jurisdiction over the dispute, and cannot create jurisdiction by court Order.

I find, however, that because Courts retain ancillary jurisdiction to enforce their own Orders, this court has retained jurisdiction over the enforcement of the Order issued April 29, 1985 approving the settlement of this action.  Kokkomen, 511 U.S. at 379-80 (Courts retain ancillary jurisdiction to  "function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."); Fox v. Consol. Rail Corp., 739 F.2d 929, 932 (3d Cir. 1984)(citing Pearson v. Ecological Science Corp., 522 F.2d 171 (5th Cir.1975), cert. denied, 425 U.S. 912 (1976))("It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein.") Because there is no question that this court had jurisdiction over plaintiffs' original tort claim against the Government, and because

enforcement of the court order setting forth the terms of the settlement is ancillary to the jurisdiction appropriately exercised by the court, I find that this court retains jurisdiction to enforce the settlement agreement.  See White v. U.S. Dep't of Interior, 639 F. Supp. 82, 86 (M.D. Pa. 1986) aff'd, 815 F.2d 697 (3d Cir. 1987) (Where dispute is "ancillary to the original action" resolution of the dispute "is properly within this court's subject matter jurisdiction.").  See also Wright and Miller 17 Fed. Prac. & Proc. Juris. 4101 (3d ed.) (Court of Federal Claims "lacks jurisdiction over suits for breach of settlement agreements when the agreements arise from disputes that would have been litigated in other fora.").

The import of the Government's argument, and its consequences if accepted, can hardly be understated.  Because the Government is arguing that a district court lacks jurisdiction to enforce a settlement agreement entered into by the Government where the amount of the settlement exceeds $10,000.00, the result of the Government's argument, if adopted, is that even where the Court has explicitly indicated its intent to retain jurisdiction over the settlement, and even where the Court has included the terms of the settlement in an Order, or in the final Order of dismissal, the Court would still lack jurisdiction to enforce the settlement because exclusive jurisdiction to enforce such an agreement lies exclusively with the Court of Federal Claims, and no court can

expand its jurisdiction by Order or consent. It is exactly this conclusion that the Eleventh Circuit Court of Appeals rejected in <u>Reed v. United States</u>, where the Court of Appeals held that if such an argument were accepted:

> a district court would never retain jurisdiction to enforce an agreement settling a claim of over $10,000 involving the government because, once the action providing the initial basis of jurisdiction was settled, any attempt to enforce the settlement would be deemed a breach of contract claim required to be brought [in the Court of Federal Claims].

<u>Reed v. United States</u>, 891 F.2d 878, 880 (1990). Just as the Eleventh Circuit Court of Appeals found this conclusion to be untenable, I decline to adopt a rule that would divest a district court of jurisdiction to enforce a settlement entered into before it, the terms of which were made an Order of the Court, upon the issuing of judgment in the case. I therefore find that the Court retains jurisdiction to enforce the Settlement Agreement between the parties.

II. The Government Is Obligated to Make Payments to the <u>Plaintiffs as Agreed to in the Settlement Agreement</u>.

The Settlement Agreement entered into by the parties provided that the United States was "obligated" to make payment of future periodic payments as set forth in the Agreement. Settlement Agreement at ¶ 3. ("The United States of America shall be obligated to make payment of certain future periodic payments as set forth [in the Agreement]"). Paragraph 5 of the Agreement stated

that "The United States of America, will make payment of [the specified] amounts by purchase of an annuity from Executive Life Insurance Company of New York . . . ." In correspondence with the plaintiffs prior to the filing of this motion, the Government argued that it had satisfied its obligation under the Agreement by purchasing the annuity from ELNY, and that it was not responsible for payments beyond those provided by ELNY. In opposition to the plaintiffs' motion here, the Government has not denied that it is obligated to make full payment to the plaintiffs. Rather, it has taken no position on the merits, and simply asserts that the court lacks jurisdiction to enforce the Settlement.

As stated above, however, I find that this Court has retained jurisdiction to enforce the Settlement. I further find that the Government is obligated to ensure that full payment is made to the plaintiffs as promised under the Settlement Agreement. Paragraph 3 of the Agreement states the Government "shall be obligated to make certain future payments" as set forth in the Agreement. Additionally, Paragraph 7 of the Agreement states that "[t]he purchase of annuity contracts and lump sum payments as outlined in [the Agreement] <u>and payments thereunder</u> shall operate as full and complete discharge and satisfaction of the periodic or other payments with respect to the United States of America, pro tanto." Accordingly, it is not simply the purchase of the annuity that satisfies the Government's obligation under the Agreement, but also

the making of "payments thereunder" in accordance with the Agreement.

There is no dispute that the Government complied with its obligations under the Agreement to pay a lump sum and purchase an annuity. If those were the only obligations that the Government undertook, perhaps the defendant could argue that it has discharged its duty under the Agreement. But the plain language of the Agreement states unequivocally that the Government was not only obligated to pay a lump sum and purchase an annuity, but also to ensure that payments were made as set forth in the Agreement. At Paragraph 3 of the Agreement the Government agreed that it "shall be obligated to make certain future payments" as set forth in the Agreement. Because ELNY is no longer making full payments as promised under the Agreement, it is the duty of the Government to fulfill its obligation under the Agreement by ensuring that the periodic payments specified in the Agreement are paid in full at the time they are due. Accordingly, I grant the plaintiffs' motion to enforce the Settlement Agreement, and direct the Government to meet and confer with plaintiffs' counsel within 15 days of the date of this Order for the purpose of determining the past and future amounts owed to the plaintiffs. I further direct that any past amounts owed to the plaintiffs be paid within 60 days of the date of this Order.

CONCLUSION

For the reasons set forth above, I grant plaintiffs' motion to enforce the April 29, 1985 Order of this Court setting forth the terms of settlement in this action. The defendant shall, within 60 days of the date of this order, remit past amounts owed under the Agreement, and shall ensure all future payments are made in full when due.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         March 25, 2014